UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LEONG FRANCISCO PAULO,

                Plaintiff,

-against-

AGENCE FRANCE-PRESS et al.,

                Defendants.

No. 1:21-cv-11209 (JLR) (SLC)

**OPINION AND ORDER**

JENNIFER L. ROCHON, United States District Judge:

Leong Francisco Paulo ("Plaintiff" or "Leong"), a Portuguese photojournalist, brought this action alleging that Agence France-Press ("AFP"), along with Getty Images (US), Inc. and Getty Images, Inc. (together, "Defendants"), have used thousands of his photographs constituting copyright infringement and violation of copyright management information under the Copyright Act, 17 U.S.C. §§ 501, 1202, *et seq.* (the "Copyright Act"). ECF No. 52 ¶¶ 1, 6-8, 232-260. On March 30, 2023, the Court conditionally dismissed the action pursuant to the doctrine of *forum non conveniens*, and further dismissed the action as to AFP for lack of personal jurisdiction. *See Paulo v. Agence France-Presse* ("*Paulo I*"), No. 21-cv-11209 (JLR) (SLC), 2023 WL 2707201, at *1 (S.D.N.Y. Mar. 30, 2023).

Defendants filed a motion seeking attorney's fees and costs on April 14, 2023. ECF No. 99 ("Fees Br."). Plaintiff opposed the motion on May 8, 2023. ECF No. 105 ("Fees Opp."). Defendants replied in further support of their motion on May 15, 2023. ECF No. 109. Magistrate Judge Sarah L. Cave (the "Magistrate Judge") issued a Report and Recommendation on October 17, 2023, which recommended denying Defendants' motion. ECF No. 111 (the "R&R"). Defendants objected to the R&R on October 31, 2023. ECF No. 112 ("Br."). Plaintiff responded to Defendants' objection on November 10, 2023. ECF No. 113 ("Opp."). For the

1

reasons set forth below, the Court ADOPTS the R&R in full, DENIES Defendants' objections, and DENIES Defendants' motion for fees.

## BACKGROUND

The Magistrate Judge detailed the factual and procedural background in a separate Report and Recommendation on Defendants' motion to dismiss. *See Paulo v. Agence France-Press*, No. 21-cv-11209 (JLR) (SLC), 2023 WL 2873257, at *1-10 (S.D.N.Y. Jan. 19, 2023), *report and recommendation adopted*, 2023 WL 2707201 (S.D.N.Y. March 30, 2023). The Court incorporates that discussion herein and refers the reader there for a more comprehensive background. The Magistrate Judge's most recent R&R further includes a comprehensive account of the procedural background of Defendants' motion for fees, which the Court also incorporates herein. R&R at 2-3.

## STANDARD OF REVIEW

A district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district court must "determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). "To the extent, however, that the party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the [R&R] strictly for clear error." *Harris v. TD Ameritrade Inc.*, 338 F. Supp. 3d 170, 174 (S.D.N.Y. 2018). "Objections of this sort are frivolous, general and conclusory and would reduce the magistrate's work to something akin to a meaningless dress rehearsal." *N.Y.C. Dist. Council of Carpenters Pension Fund v. Forde*, 341 F. Supp. 3d 334, 336 (S.D.N.Y. 2018) (quotation marks and citation omitted). "A decision is 'clearly erroneous' when the reviewing Court is left with the definite and firm conviction that a mistake has been committed." *Royal Park Invs. SA/NV v. Deutsche Bank Nat'l Tr. Co.*, No. 41-cv-04394 (AJN), 2018 WL 1750595,

at *21 (S.DN.Y. Apr. 11, 2018) (citation omitted).  Moreover, parties may not raise new arguments for the first time in objections to a report and recommendation.  *See Piligian v. Icahn Sch. of Med. at Mount Sinai*, 490 F. Supp. 3d 707, 716 (S.D.N.Y. 2020); *United States v. Gladden*, 394 F. Supp. 3d 465, 480 (S.D.N.Y. 2019) (rejecting argument raised for the first time as objection to report and recommendation).

## DISCUSSION

For the reasons set forth below, the Court adopts the conclusions of the R&R and denies Defendants' motion for fees and costs.  The Court has conducted a *de novo* review, and finds that the R&R is supported by the record and the law.[1]

### I.   17 U.S.C. § 505

Pursuant to Section 505 of the Copyright Act ("Section 505"), a district court may in its discretion "award a reasonable attorney's fee to the prevailing party."  17 U.S.C. § 505.  The Supreme Court has interpreted the term "'prevailing party' . . . in a consistent manner" across "various fee-shifting statutes."  *CRST Van Expedited, Inc. v. E.E.O.C.*, 578 U.S. 419, 422 (2016).  For a party to be "prevailing," there must have been a "judicially sanctioned change in the legal relationship of the parties."  *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Hum. Res.*, 532 U.S. 598, 607 (2001).  However, "a defendant need not obtain a favorable judgment on the merits in order to be a 'prevailing party.'"  *CRST*, 578 U.S. at 431.  This is because "congressional policy regarding the exercise of district court discretion in the ultimate decision whether to award fees does not distinguish between merits-based and non-merits-based

---

[1] The Court will address the arguments that are raised in Defendants' objection.  Defendants improperly and sweepingly state multiple times in their objection that they "incorporate all prior arguments" on various issues that they raised before the Magistrate Judge.  *See, e.g.*, Br. at 2, 9-11.  Such conclusory arguments would be subject to at most a deferential clear error standard of review, and the Court finds no clear error.

3

judgments." *Id.* at 432. Earlier, in *Dattner v. Conagra Foods, Inc.*, the Second Circuit held that a dismissal on *forum non conveniens* grounds is not a "judicially sanctioned change in the legal relationship of the parties." 458 F.3d 98, 101 (2d Cir. 2006) (per curiam).

Even if a party is found to be the "prevailing party," fee awards under Section 505 "are not 'automatic' or given 'as a matter of course.'" *Beastie Boys v. Monster Energy Co.*, 112 F. Supp. 3d 31, 39-40 (S.D.N.Y. 2015) (quoting *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 533 (1994)). Rather, an award under Section 505 "should encourage the types of lawsuits that promote" the Copyright Act's aims of "encouraging and rewarding authors' creations while also enabling others to build on that work." *Kirtsaeng v. John Wiley & Sons, Inc.*, 579 U.S. 197, 204 (2016). In evaluating fee applications under Section 505, district courts should give "substantial weight to the objective (un)reasonableness of a losing party's litigating position." *Id.* at 205. This factor is not dispositive. Rather, the Court must also take into account "all other relevant factors," *id.* at 210, including "the frivolousness of the non-prevailing party's claims or defenses," "the party's motivation," and the goals of "compensation and deterrence," *Bryant v. Media Right Prods., Inc.*, 603 F.3d 135, 144 (2d Cir. 2010).

A. Whether Defendants Are "Prevailing Parties"

Defendants seek their attorney's fees and costs pursuant to Section 505, and object to "all aspects of the Fees R&R's finding that Defendants are not 'prevailing parties' under 17 U.S.C. § 505." Br. at 2. Defendants argue that the R&R misapplied the Supreme Court's decision in *CRST* such that their non-merits-based judgment is enough to establish that they are a prevailing party here. *Id.* at 2-4. Defendants assert that the Magistrate Judge erred in relying on the Second Circuit's pre-*CRST* decision in *Dattner* in holding that prevailing party fees are "categorically unavailable when a defendant prevails under *forum non conveniens*." *Id.* at 4. Although the Magistrate Judge relied on *Dattner*, she did not hold that prevailing-party fees are "categorically

4

unavailable" in *forum non conveniens* cases but instead recommended that they should not be awarded here. *See* R&R at 8-9. The Court agrees with the Magistrate Judge's analysis.

In *Buckhannon*, the Supreme Court explained that to be considered a "prevailing party," there must have been a "judicially sanctioned change in the legal relationship of the parties." 532 U.S. at 605. Applying *Buckhannon* in *Dattner*, the Second Circuit held that a defendant who successfully obtained dismissal on *forum non conveniens* grounds was not a "prevailing party," because dismissal on the ground of *forum non conveniens* did not constitute such a "judicially sanctioned change." *Dattner*, 458 F.3d at 102 (quoting *Buckhannon*, 532 U.S. at 605).

Subsequently, the Supreme Court held in *CRST* that "a defendant need not obtain a favorable judgment on the merits in order to be a 'prevailing party.'" *CRST*, 578 U.S. at 431. The Supreme Court reasoned that "congressional policy regarding the exercise of district court discretion in the ultimate decision whether to award fees does not distinguish between merits-based and non-merits-based judgments." *Id.* at 432. The Court explained that a defendant may be a prevailing party when it obtains a non-merits judgment where the "defendant has . . . fulfilled its primary objective [and] the plaintiff's challenge is rebuffed, irrespective of the precise reason for the court's decision." *Id.* The Court reasoned that "Congress must have intended that a defendant could recover fees expended in frivolous, unreasonable, or groundless litigation when the case is resolved in the defendant's favor, whether on the merits or not." *Id.*

Defendants argue that under *CRST*, they are the "prevailing party" because they have "rebuffed" Leong's challenge in obtaining the conditional dismissal of the action. Br. at 2-3. The Court disagrees and finds that Defendants are not a "prevailing party" here, despite *CRST*'s holding that non-merits dismissals may allow a defendant to be considered the prevailing party in some circumstances.

In this action, the Court conditionally dismissed the action on *forum non conveniens* grounds, instructing the parties to return to a Portuguese court in the first instance, and further dismissed the case as to AFP for lack of personal jurisdiction. *See Paulo I*, 2023 WL 2707201, at *14. The Court did not "rebuff" Plaintiff's arguments or claims. *See id.*; *see also* R&R at 8-9; *CRST*, 578 U.S. at 432 ("Congress must have intended that a defendant could recover fees expended in frivolous, unreasonable, or groundless litigation when the case is resolved in the defendant's favor, whether on the merits or not"). Instead, the Court only *conditionally* dismissed the action, providing that Leong was free to return to this forum if the Portuguese court declined to hear his claims under the Copyright Act. *Paulo I*, 2023 WL 2707201, at *14. It therefore remains to be seen which party will prevail. Thus, even though *CRST* holds that non-merits judgment *may* permit a defendant to be a prevailing party, the Defendants in this case have not actually prevailed in obtaining a judicially sanctioned change in the legal relationship of the parties.

Defendants argue that "*Dattner* is no longer good law after *CRST*" and that the Magistrate Judge erred in relying on it. Br. at 4-5. The Second Circuit has addressed *Dattner* post-*CRST*. In *Manhattan Review LLC v. Yun*, the Second Circuit examined whether defendants were the "prevailing party" when the defendants obtained a dismissal of a complaint solely on collateral-estoppel grounds. 919 F.3d 149, 152-53 (2d Cir. 2019) (per curiam). The Second Circuit held that defendants were prevailing parties because plaintiff "cannot immediately re-file suit" and needed to seek leave of a state court to "remove the impediment to its ability to sue." *Id.* at 153. Although the Second Circuit questioned the "ongoing vitality [of *Dattner*] in the wake of *CRST*," rather than deem it abrogated, the Second Circuit stated that under *Dattner*,

6

"[t]he circumstances of a *forum non conveniens* dismissal, following which a plaintiff can immediately proceed in a more convenient forum, [were] therefore inapposite." *Id.*

Regardless of *Dattner*, Defendants do not dispute that the underlying premise that there must be a judicially sanctioned change in the parties' legal relationship is still the standard and good law. The Supreme Court in *CRST* applied this prevailing-party standard from *Buckhannon*, *CRST*, 578 U.S. at 422 (citing *Buckhannon*) and, after *CRST*, courts in the Second Circuit have continued to apply *Buckhannon* as good authority for the prevailing-party standard under various fee-shifting statutes, including Section 505. *See, e.g.*, *Lamberty v. Conn. State Police Union*, No. 21-1275, 2022 WL 319841, at *3 (2d Cir. Feb. 3, 2022) (summary order); *Larach-Cohen v. Banks*, No. 19-cv-07623 (LTS) (SDA), 2022 WL 16540807, at *5 (S.D.N.Y. Oct. 8, 2022), *report and recommendation adopted*, 2022 WL 16541045 (S.D.N.Y. Oct. 28, 2022); *Beata Music LLC v. Danelli*, No. 18-cv-06354 (JGK), 2022 WL 1471031, at *2 (S.D.N.Y. May 10, 2022).

Therefore, under *Buckhannon*, the Court does not find that Defendants are the prevailing party because there has been "no judicially sanctioned change in the parties' legal relationship" where, as here, the plaintiff is free to pursue his claims in Portugal. *Buckhannon*, 532 U.S. at 605. Leong's claims were only conditionally dismissed and he is permitted to return to this forum should the Portuguese court decline to hear his claims. Therefore, Defendants are not the prevailing party under Section 505, despite *CRST*'s holding that a prevailing party may have prevailed on a non-merits-based judgment.[2]

---

[2] Defendants also argue that even if *Dattner* remains good law, "the Fees R&R did not consider whether the Court should 'award costs to Defendants pursuant to its inherent authority upon finding that the plaintiff acted 'in bad faith, vexatiously, wantonly, or for oppressive reasons.''" Br. at 7 (alterations adopted) (quoting *Dattner*, 458 F.3d at 103-04). As an initial matter and as further set forth herein, the R&R did consider the discretionary factors under Section 505,

### B. AFP's Dismissal for Personal Jurisdiction

The dismissal of AFP on personal-jurisdiction grounds does not alter the Court's conclusion that Defendants are not entitled to fees under Section 505 as prevailing parties. The Court agrees with the reasoning in *Fashion Television LLC v. APT Satellite Co.*, No. 17-cv-05413 (LTS), 2018 WL 4300526, at *4 (S.D.N.Y. Sept. 10, 2018) that dismissal "for lack of personal jurisdiction does not preclude [a] [p]laintiff from asserting its claim in a proper jurisdiction," and accordingly, "the legal relationship between the parties has not been conclusively altered." *Id.* Here, as the *Fashion Television* court held, just because Plaintiff cannot sue AFP in this Court, there has been no alteration in the parties' legal relationship because plaintiff is free to assert his claims against AFP in a forum that has personal jurisdiction over AFP. Therefore, AFP is not a prevailing party within the meaning of Section 505. *See also Zanotti v. Invention Submission Corp.*, No. 18-cv-05893 (NSR), 2020 WL 2857304, at *17 (S.D.N.Y. June 2, 2020) (post-*CRST* decision finding that "a dismissal without prejudice for lack of personal jurisdiction does not render [d]efendants the prevailing parties").[3]

---

including "frivolousness, motivation, objective unreasonableness[,] . . . and the need in particular circumstances to advance considerations of compensation and deterrence." R&R at 12 (alteration in original) (quoting *Fogerty*, 510 U.S. at 534 n.19). To the extent that Defendants now argue that a different standard should have also been applied by the Magistrate Judge in evaluating costs, Defendants failed to raise this argument in their original briefing, and it is thus forfeited. *See Gladden*, 394 F. Supp. 3d at 480.

[3] Insofar as a different conclusion was reached in the out of district case *GC2 Inc. v. International Game Technology*, 391 F. Supp. 3d 828 (N.D. Ill. 2019) and *Megna v. Biocomp Lab'ys Inc.,* 225 F. Supp. 3d 222, 224 (S.D.N.Y. 2016), the Court does not find them persuasive. Moreover, the *GC2* court ultimately denied the request for fees because there was no evidence that the plaintiff's claims were "frivolous, objectively unreasonable, or begotten of ill motives simply because [the defendant] did not prove to have sufficient contacts with [the] district." *Id.* at 859-60. So too here. *See infra* at pp. 9-11.

### C. The Discretionary Factors

Even if Defendants were treated as prevailing parties, the Court agrees with the R&R's conclusion that consideration of discretionary factors does not support the grant of fees here. Defendants next take issue with the Magistrate Judge's evaluation of discretionary factors in assessing a Section 505 fee request of a prevailing party and "ask the Court to conduct a *de novo* review of whether Plaintiff's actions in this litigation satisfy the Section 505 standard set forth in *Kirtsaeng* . . . and its progeny." Br. at 9. In opposition, Plaintiff argues that the Magistrate Judge properly considered the discretionary factors as promulgated in *Kirtsaeng*. Opp. at 7-8.

District courts considering fee applications under Section 505 should give "substantial weight to the objective (un)reasonableness of a losing party's litigation position." *Kirtsaeng*, 579 U.S. at 205. The Court must also take into account all other relevant factors, including the frivolousness of the non-prevailing party's claims or defenses, the party's motivations, and the goals of the Copyright Act. *Id.*; *see also Fogerty*, 510 U.S. at 534 & n.19. Here, the Court does not find that Leong's claims – which are still the subject of litigation in Portugal, or perhaps eventually here – are frivolous, unreasonable, or based on any improper motive. In addition, the fact that Plaintiff chose a particular forum in this case – notably, one that is open to him should the Portuguese court decline to hear his claims – does not support a finding of vexatious or unreasonable litigating. Further, the Court agrees with the Magistrate Judge that there is at best a minimal likelihood that an award of attorney's fees would deter other photographers from asserting claims under the Copyright Act in similar circumstances. *See* R&R at 13.

Defendants also object that the "Fees R&R . . . failed to consider whether a fees award would serve the Copyright Act's purpose of ensuring public access to creative works," including because Plaintiff "was already compensated" for taking his photos and "does not have a strong interest in attempting to claw back their dissemination." Br. at 10. There has not been any

9

decision by this Court as to the ultimate merits of Leong's claims, and the Court has not found that the claims were frivolous or brought in bad faith. *See generally Paulo I*, 2023 WL 2707201. Finally, the Court is not persuaded by Defendants argument that they should be compensated for their costs in this action to encourage the Copyright Act's goals of promoting public access to copyrighted works even if they unlawfully disseminated Leong's copyrighted photos. Br. at 10.

In sum, the Court agrees with the Magistrate Judge's recommendation that the Court should exercise its discretion to deny Defendants' motion for attorney's fees under Section 505.

## II. 28 U.S.C. § 1919

In general, "[t]he prevailing rule in the federal courts is that dismissal of a case for want of jurisdiction deprives a court of the power to assess costs." *Correspondent Servs. Corp. v. JVW Inv., Ltd.*, No. 99-cv-08934 (RWS), 2004 WL 2181087, at *14 (S.D.N.Y. Sept. 29, 2004), *aff'd sub nom. Correspondent Servs. Corp. v. First Equities Corp. of Fla.*, 442 F.3d 767 (2d Cir. 2006). However, 28 U.S.C. § 1919 ("Section 1919") provides an exception that "[w]henever any action or suit is dismissed in any district court . . . for want of jurisdiction, such court may order the payment of just costs." *Id.* (quoting 28 U.S.C. § 1919). Whether to award "just costs" pursuant to Section 1919 is within the discretion of the district court. *Id.* at *15. As acknowledged by the Defendants, *see* Fees Br. at 17, the discretionary factors that courts may consider when examining whether to award costs under Section 1919 are similar to those under Section 505, *see, e.g.*, *First Annapolis Bancorp, Inc. v. United States*, 109 Fed. Cl. 646, 650 (2013) (declining to award costs following jurisdictional dismissal where the plaintiff had asserted a "plausible" legal ground and action was proceeding in another forum and explaining that such analysis was necessarily "case-by-case"); *Kamal v. J. Crew Grp., Inc.*, 416 F. Supp. 3d 357, 365 (D.N.J. 2019) (denying an award of costs under Section 1919 because "[w]hile the

Court [wa]s disappointed Plaintiff's counsel spent pages of his brief arguing directly against binding precedent and citing to overturned authority, the [complaint] was not filed frivolously").

Courts generally refrain from including attorney's fees in an award of costs under Section 1919 absent "extraordinary circumstances," such as evidence that the plaintiff engaged in "fraud or trickery . . . upon th[e] Court," or that the defendants "suffered financial burden or hardship" in defending against the action. *Barron's Educ. Series, Inc. v. Hiltzik*, 987 F. Supp. 224, 225-26 (E.D.N.Y. 1997) (declining to award attorney's fees under Section 1919); *see JVW Inv.*, 2004 WL 2181087, at *15 ("Those courts to have considered the question have held that the attorney's fees may not be included in the 'just costs' awarded under Section 1919 absent a showing of extraordinary circumstances."); *see also Castillo Grand, LLC v. Sheraton Operating Corp.*, 719 F.3d 120, 123-24 (2d Cir. 2013) (Section 1919 "neither authorizes . . . nor precludes" the award of attorney's fees).

Defendants seek their costs pursuant to Section 1919, and "object to the Fees R&R's finding that AFP is not entitled to its costs for achieving jurisdictional dismissal under 28 U.S.C. § 1919." Br. at 10. Defendants assert that the "Fees R&R correctly found that prevailing due to lack of personal jurisdiction qualifies AFP for relief under Section 1919, but respectfully erred in concluding that 'the balance of the discretionary factors weigh against awarding costs under Section 1919.'" *Id.* (brackets and ellipses omitted) (quoting R&R at 12-13). The Court does not agree.

The single paragraph of Defendants' objection here is "only conclusory or general." *Harris*, 338 F. Supp. 3d at 174. "Objections of this sort are frivolous, general and conclusory and would reduce the magistrate's work to something akin to a meaningless dress rehearsal." *Forde*, 341 F. Supp. 3d at 336 (quotation marks and citation omitted). The Court therefore is

11

entitled to review this portion of the R&R "strictly for clear error." *Harris*, 338 F. Supp. 3d at 174. The Court finds no such error here.

Moreover, even under *de novo* review, the Court's holding remains the same. Dismissal "for want of jurisdiction" is a prerequisite for an award of costs under Section 1919. R&R at 13-14. "*Forum non conveniens* does not raise a jurisdictional bar but instead involves a deliberate abstention from the exercise of jurisdiction." *Monegasque de Reassurances S.A.M. v. Nak Naftogaz of Ukr.*, 311 F.3d 488, 498 (2d Cir. 2002) (citation omitted). As such, the Court's conditional dismissal based on *forum non conveniens* does not allow for an award of costs under Section 1919.

As for the dismissal of AFP for lack of personal jurisdiction, the discretionary factors under 28 U.S.C. § 1919, which are similar to those under Section 505, weigh against awarding those costs. As examined above with respect to Section 505, the claims that were conditionally dismissed (and that remain the subject of litigation in Portugal) were not found to be objectively unreasonable, frivolous, or based on any improper motivation. Therefore, the Court declines to exercise its discretion and award costs pursuant to Section 1919.

**III.   Rule 41(d)**

    **A.  The Merits**

Federal Rule of Civil Procedure ("Rule") 41(d) allows for the recovery of costs where the plaintiff has "previously dismissed an action in *any* court" and then "files an action based on or including the same claim against the same defendant." Fed. R. Civ. P. 41(d) (emphasis added). AFP seeks recovery of costs pursuant to Rule 41(d) for "fees incurred in the voluntarily dismissed" Portuguese proceeding that the Plaintiff had commenced before commencing litigation in this district. Fees Br. at 22. Defendants argue that AFP is entitled to this award because "AFP litigated" the Portuguese proceeding "for years only for [Leong] to withdraw it on

the eve of trial, without any reasonable justification other than forum shopping." *Id.* at 23.  In their objection, Defendants argue that "any court" in Rule 41(d) includes foreign courts and that the Magistrate Judge erred in finding that "any courts" excludes foreign courts.  Br. at 11-12; Opp. at 9-11.

Defendants assert that the Fees R&R improperly "undertook an expansive analysis of indirect authority – none of which was cited by Plaintiff – to ultimately conclude that 'any court' should not be interpreted as encompassing foreign courts."  Br. at 11.  Given the lack of direct authority on this issue, the Magistrate Judge rightfully conducted an analysis to determine whether "any court" under Rule 41(d) excludes foreign courts.  R&R at 15-18.  The Court agrees with this analysis.  Of particular note, and refuting Defendants' argument that "any" must always mean "any" in as expansive a manner as possible, the Supreme Court has interpreted the phrase "in any court" to be limited to domestic courts.  *Small v. United States*, 544 U.S. 385, 394 (2005) (holding that the phrase "convicted in any court" in 18 U.S.C. § 922(g)(1) referred "only to domestic courts, not to foreign courts"); *see* R&R at 16-17.  The Supreme Court based this interpretation on "the reasons for disfavoring an inference of extraterritorial coverage from a statute's total silence," *Small*, 544 U.S. at 394, as well as the "assum[ption]" that, in the absence of contrary "statutory language, context, history, or purpose," Congress intended that the statute "appl[y] domestically, not extraterritorially," *id.* at 390-91.  Here, the Court agrees with the Magistrate Judge that a similar conclusion is warranted in interpreting Rule 41(d).  Rule 41(d) contains no indication that the Advisory Committee considered or intended extraterritorial application, and the surrounding language in Rule 41 refers to proceedings occurring "[s]ubject to" other provisions within the Federal Rules of Civil Procedure as well as "any federal- or state-court action."  *See* Fed. R. Civ. P. 41(a).  This suggests that the Advisory Committee intended

13

Rule 41(d) to include only domestic actions. None of the authority cited by the Defendants in their objection persuades the Court to interpret the statute otherwise.[4]

In their objection, Defendants argue that the Magistrate Judge erred in her conclusion that application of Rule 41(d) is inappropriate because the R&R relied on the principle that federal statutes are not ordinarily intended to have extraterritorial application. Br. at 12. Instead, Defendants argue that application of Rule 41(d) in this situation would not be extraterritorial because their successful motion to dismiss was pending in this forum, not an extraterritorial forum. *Id.* Therefore, Defendants conclude, "Rule 41(d) would not actually be applied extraterritorially to award prior litigation costs in this case." *Id.* However, Rule 41(d) provides relief to defendants only where "a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant." Fed. R. Civ. P. 41(d)(1). In this case, the action "previously dismissed" would necessarily be from a foreign court, that is, the action pending in the Portuguese court before the Plaintiff filed his claim in this forum. Therefore, to award costs based on the dismissal of a previously pending case pursuant to Rule 41(d) here would necessarily involve extraterritorial application of Rule 41(d).

Moreover, even if the Court determined that AFP could be entitled to its costs under Rule 41(d), the decision whether to impose such costs would be within the discretion of the district court. *See Horowitz v. 148 S. Emerson Assocs.*, 888 F.3d 13, 22-23 (2d Cir. 2018). The

---

[4] In a footnote, Defendants seek to present new authority regarding general statutory interpretation principles "as fair rebuttal to new authority identified in the Fees R&R, which had not been cited by Plaintiff in opposing the Fees Motion." Br. at 12 n.5. As an initial matter, the Court notes that although Plaintiff did not address all the cases cited in the R&R, Plaintiff did argue that "[t]he Federal Rules of Civil Procedure are inapplicable to a suit in Portugal" in opposition to Defendants' fees motion. Fees Opp. at 22. Thus, Defendants were on notice of this argument and could have replied more fully to it in their reply brief, had they chosen to do so. Moreover, the Court has reviewed Defendants' newly cited authority, and does not find it persuasive.

purpose of Rule 41(d) is "to serve as a deterrent to forum shopping and vexatious litigation." *Id.* at 25 (citation omitted).  For substantially the same reasons as articulated above and in the R&R, the Court will not exercise its discretion to award costs to AFP under Rule 41(d).

### B. Whether Defendants Are Entitled to Supplement the Record

Defendants also contend that if there was insufficient support on the record for an award of fees, they should be permitted to supplement the record with supplementary documentation. Br. at 13.  In opposition, Plaintiff argues that Defendants "overlook[] that the Fee R[&]R does not rely on Defendants' lack of a categorical breakdown or support as the reason for not awarding the costs under Rule 41(d)." Opp. at 11.  The Court agrees with Plaintiff.  Whether or not AFP had included a full breakdown of its costs, the Court would not have ordered that AFP was entitled to its fees under Rule 41(d).

## CONCLUSION

For the foregoing reasons, the Court ADOPTS the R&R in full, DENIES Defendants' objections, and DENIES Defendants' motion for fees.  The Clerk of Court is respectfully directed to close the motion pending at ECF No. 98.

Dated: January 3, 2024
      New York, New York

                              SO ORDERED.

*Jennifer Rochon*
JENNIFER L. ROCHON
United States District Judge